# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Globalstar Capital Corporation, et al., | ) | Case No. 02-10499 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Ref. No. 176

## STIPULATION AND AGREED ORDER
## PURSUANT TO SECTIONS 105(a), 363(b) AND
## 503(b)(1) OF THE BANKRUPTCY CODE
## AUTHORIZING DEBTORS TO ADOPT AND
## IMPLEMENT AN EMPLOYEE INCENTIVE PROGRAM

Globalstar, L.P. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"), respectively, by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, on February 15, 2002 (the "Petition Date) the Debtors commenced voluntary chapter 11 bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (this "Court");

WHEREAS, on or about April 18, 2002, the Debtors filed the "Motion for Order Pursuant to Sections 105(a), 363(b) and 503(b)(1) of the Bankruptcy Code Authorizing Debtors to Adopt and Implement an Employee Incentive Program" (the "Motion")[1];

WHEREAS, on May 8, 2002, this Court adjourned the hearing on the Motion to the next omnibus hearing date in June, subject to the right of the Debtors and the Committee to agree to the relief requested in the Motion by stipulation; and

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned thereto in the Motion.

31598-001\DOCS_DE:46925.1
05/17/02

223

WHEREAS, the Debtors and the Committee wish to authorize, pursuant to Bankruptcy Code sections 105(a), 363(b) and 503(b)(1), the Debtors to adopt and implement an employee incentive program (the "ERP") on the terms and conditions set forth herein;

NOW, THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is hereby GRANTED as modified herein.

2. The Debtors are hereby authorized to make distributions totaling $2,964,245 under the ERP upon the following terms and conditions:

| | |
|---|---|
| Initial Payment: | On July 15, 2002, the Debtors are hereby authorized to distribute to participants under the ERP cash in an aggregate amount not to exceed $741,061. |
| Subsequent Distributions: | (a) If the successor entity to the Debtors' businesses ("Reorganized Globalstar") pursuant to the Debtors' plan of reorganization (the "Plan") is a corporation: |

        (i) Tthe Debtors are authorized to distribute to participants under the ERP cash in an aggregate amount not to exceed $1,193,064 on the effective date (the "Effective Date") of the Plan; and

        (ii) On the date that is 60 days after the Effective Date (the "Equity Distribution Date"), a number of shares of common stock of Reorganized Globalstar ("Common Stock") having an aggregate value of $1,030,120 calculated based on a value per share of Common Stock equal to the average of the daily closing sales price per share of Common Stock as reported on the principal market or exchange on which shares of Common Stock are listed for the five trading days immediately preceding the Equity Distribution Date or, if shares of Common Stock are not so listed, calculated based on such other reasonable and customary method as may be determined by the Board of Directors of Reorganized Globalstar. The Debtors shall use best faith efforts to insure that the Common Stock shall be tradable without material trading restrictions immediately upon receipt by employees under the ERP. In the event that the Common Stock cannot be issued without material trading restrictions (it being understood that, with

respect to recipients that may be deemed to be "affiliates" of Reorganized Globalstar within the meaning of Rule 144 of the Securities Act of 1933, the requirements contemplated by paragraphs (c), (e), (f), (h) and (i) of such Rule 144 shall be deemed not to be material restrictions hereunder; provided that, in the case of those requirements contemplated by paragraph (c) of such Rule 144, a registration statement shall have been filed with the Securities and Exchange Commission to register the Common Stock under the Securities Exchange Act of 1934 prior to the Effective Date and the Debtors shall have used best faith efforts to have caused such registration statement to become effective not later than the Effective Date or as soon thereafter as practicable), participants under the ERP shall receive cash in lieu of the Common Stock. Reorganized Globalstar may, as a condition to delivering shares of Common Stock under the ERP, require a recipient to fund the payment of any tax withholding obligation relating to the delivery of such shares to such recipient; in such event, the recipient may fund the tax withholding obligation by either (i) the delivery to Reorganized Globalstar of cash in an amount equal to such tax withholding obligation or (ii) entering into arrangements satisfactory to Reorganized Globalstar with a broker to sell a number of such shares sufficient to generate net proceeds in an amount equal to such tax withholding obligation and pursuant to which the broker undertakes to deliver such amount to Reorganized Globalstar not later than the date on which such sale will settle in the ordinary course.

(b) If Reorganized Globalstar is a limited partnership or a limited liability company, the Debtors are hereby authorized to distribute to participants under the ERP cash in an aggregate amount not to exceed $2,223,184 on the Effective Date.

Allocation     The Debtors' senior management shall have absolute discretion as to allocation of all payments under the ERP; *provided*, that (i) such allocations shall be consistent with the schedule provided to the Committee on May 6, 2002 and (ii) if an employee for any reason becomes ineligible to receive payments under the ERP, including without limitation due to termination of employment prior to the Effective Date, the payments allocated to such employee under the ERP may not be reallocated or distributed under the ERP.

Condition to
Subsequent
Distributions: The Debtors shall use best faith efforts to satisfy the satellite construction contract requirements in connection with their application for a 2GHz license from the Federal Communications Commission.

JONES, DAY, REAVIS & POGUE
222 East 41st Street
New York, New York 10017
Paul D. Leake, Esq.

YOUNG, CONAWAY,
STARGATT & TAYLOR

By: _____
Brendan Linehan Shannon (No. 3136)
M. Blake Cleary (No. 3614)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Attorneys for Debtors and
Debtors in Possession

AKIN, GUMP, STRAUSS
HAUER & FELD L.L.P.
590 Madison Avenue
New York, New York 10022
Daniel H. Golden, Esq.

PACHULSKI, STANG, ZIEHL
YOUNG & JONES

By: _____ (#3859)
Laura Davis Jones (No. 2436)
919 North Market Street, 16th Floor
Wilmington, Delaware 19899-8705

Attorneys for the Official Committee
of Unsecured Creditors

SO ORDERED, this 21 day of May, 2002

_____
PETER J. WALSH
CHIEF UNITED STATES BANKRUPTCY JUDGE